UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FRANK LOPA and ROSEMARIE LOPA

Plaintiffs,

    -against-

SAFEGUARD PROPERTIES MANAGEMENT, LLC and
AURORA BANK (d/b/a AURORA LOAN SERVICES,
LLC),

Defendants.
----------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

14-CV-3324(KAM)(SJB)

**KIYO A. MATSUMOTO, United States District Judge:**

    Presently before the court is a Report and Recommendation ("R&R" or the "Report and Recommendation," ECF No. 62) issued on May 16, 2018 by the Honorable Sanket J. Bulsara, United States Magistrate Judge, recommending that court dismiss plaintiff Rosemarie Lopa's claims with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 16(f) and Rule 37 for failure to appear at pre-trial conferences and failure to obey court orders, and dismiss plaintiff Frank Lopa's claims with prejudice under Rule 25(a) for failure to substitute within 90 days after the filing of a statement noting death. (R&R at 26.) No objections to the report and recommendation have been submitted.

## Standard of Review

    Where, as here, no objection to a report and recommendation has been filed, the district court "need only

satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007) (citations omitted).

## **Discussion**

Upon review, the court finds no clear error in Judge Bulsara's thorough and well-reasoned report and recommendation. Judge Bulsara's sound analysis and recommendation regarding the dismissal of Rosemarie Lopa's claims with prejudice pursuant to Rules 16(f) and 37 properly considered four factors prescribed by the Second Circuit, specifically (1) willfulness of the non-compliant party; (2) efficacy of lesser sanctions; (3) the duration of non-compliance; and (4) whether the non-compliant party was warned of the consequences of continued non-compliance. (*See* R&R at 11-19 (setting forth and applying factors); *see also*, *e.g.*, *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (citations omitted) (setting forth factors).) The court affirms and adopts Judge Bulsara's analysis and recommendation pursuant to Rules 16(f) and 37.

In addition, the court has considered two additional factors that are applied in the context of Rule 41(b) dismissals. The Second Circuit has articulated five factors,

2

three of which overlap with Judge Bulsara's analysis, that a district court must consider in determining whether to exercise its discretion to dismiss an action pursuant to Rule 41(b).[1] These Rule 41 factors are: (1) whether "the plaintiff's failure to prosecute caused a delay of significant duration," (2) whether the "plaintiff was given notice that further delay would result in dismissal," (3) whether further delay would likely prejudice the defendant, (4) the balance between "the need to alleviate court calendar congestion" and "plaintiff's right to an opportunity for a day in court," and (5) the "efficacy of lesser sanctions." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with

---

[1] This order does not conclude that the factors for dismissal under Rule 41(b) are equally applicable to dismissal under Rules 16(f) or 37. *Compare World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (articulating four factors that apply "[i]n evaluating a district court's exercise of discretion to impose Rule 37 sanctions" (internal quotation marks and citation omitted)) *with United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (articulating five factors that "limit a trial court's discretion" in "dismiss[ing][a] case for failure to prosecute under Federal Rule of Civil Procedure 41(b)" (citations omitted)). Instead, the court discusses these factors to emphasize the propriety of dismissal of the instant action with prejudice. *See Hamelin v. Faxton St. Luke's Healthcare*, No. 08-CV-1219, 2010 WL 3430406, at *3 (N.D.N.Y. July 19, 2010), ("In deciding which of the available sanctions under Rule 37(b) to award, some courts have looked for guidance to cases decided under Rule 41(b)." (collecting cases)), *report and recommendation adopted*, No. 08-CV-1219, 2010 WL 3433987 (N.D.N.Y. Aug. 27, 2010).

3

these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Here, the report and recommendation addresses the first, second, and fifth factors in recommending that Rosemarie Lopa's claims be dismissed with prejudice pursuant to Rules 16(f) and 37. (*See* R&R at 17-19.) The third and fourth factors – prejudice to the defendant and the balance between court calendar congestion and the plaintiff's right to an opportunity to a day in court – also weigh in favor of dismissal.

"[P]rejudice to defendants resulting from unreasonable delay may be presumed." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Further, even absent this presumption, Ms. Lopa's dilatory conduct in this action has clearly prejudiced defendants. Ms. Lopa and her prior counsel failed to comply with numerous court orders, including orders to appear at status conferences and to provide status reports regarding Ms. Lopa's intentions with respect to the instant action. (*See* R&R at 11-13.)

The record makes clear that, for a period of months from mid-2017 through early 2018, defiance of court orders and dilatory conduct by Ms. Lopa and/or her attorney precluded defendants from determining who, if anybody, represented Ms.

4

Lopa in this action. (*See id.* at 5-10; *see also id.* at 11-12 (detailing relevant orders that Ms. Lopa ignored).) In light of ethical rules governing communications with a represented party regarding the subject matter of a representation, *see* N.Y. R.P.C. Rule 4.2, lacking clarity as to whether a party is represented and, if so, by whom, would have made it exceedingly difficult for defendants to move this action forward.

Further, because of Ms. Lopa's dilatory conduct, this action has been pending for over four years with no indication that it has progressed beyond basic paper fact discovery. (*See* R&R at 1-5; *see also generally* Amended Scheduling Order, ECF No. 35 (noting status of discovery as of April 17, 2015, shortly before plaintiffs' first attorney withdrew from this action).) Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them. *See Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

Turning to the balance between "the need to alleviate court calendar congestion" and "plaintiff's right to an opportunity for a day in court," *Lewis*, 564 F.3d at 576, the court notes that three magistrate judges have expended extraordinary time and resources in seeking to move the action forward. As detailed in the report and recommendation, Magistrate Judges Viktor V. Pohorelsky and Peggy Kuo, to whom this action had previously been referred for pretrial issues, held a number of status and discovery conferences, including several occasioned by dilatory conduct on the part of plaintiffs and their attorneys. (R&R at 2-5.) Once this action was transferred to Judge Bulsara, he too expended significant resources on this action, including by convening multiple hearings and conferences (for which Ms. Lopa did not appear) (*see* R&R at 6-10), issuing multiple orders in an effort to spur Ms. Lopa to act (*see id.*), and ultimately drafting and issuing the report and recommendation presently before the court.

Conversely, for her part, Ms. Lopa has shown no interest in obtaining her day in court. The balance therefore tips decidedly in favor of dismissal of the instant action.

## **Conclusion**

For the reasons set forth above, the court adopts Judge Bulsara's Report and Recommendation in its entirety. All

claims in the instant action are dismissed with prejudice.  The Clerk of Court is respectfully directed to enter judgment in favor of defendants, to serve a copy of this order and an appeals packet on *pro se* plaintiff Rosemarie Lopa at her address of record, and to close the case.

**SO ORDERED.**

Dated:    June 18, 2018
           Brooklyn, New York

                                              _____/s/_____
                                              Hon. Kiyo A. Matsumoto
                                              United States District Judge